**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4751
_____

TEK NGO,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                            Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A025-330-351)
Immigration Judge:  Honorable Walter A. Durling

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2010

Before: SMITH, FISHER, and GARTH, Circuit Judges

(Opinion filed June 23, 2010)

_____

OPINION

_____


PER CURIAM

Pro se petitioner Tek Ngo petitions for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ")

order of removal. For the reasons that follow, we will dismiss in part and deny in part his petition for review.

Ngo is a native and citizen of Cambodia. He entered the United States as a refugee in 1982 and immediately adjusted to legal permanent resident status. In 2004, he was convicted in federal court of conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). He was also convicted in state court in 1990 of attempted aggravated robbery. He was placed into removal proceedings in 2007, at which time he was found to be removable for having been convicted of an aggravated felony.

Because of his aggravated felony conviction, Ngo was ineligible for asylum or withholding of removal to Cambodia. He applied for protection under the Convention Against Torture ("CAT"), claiming that he thought he would be targeted by Buddhists as a converted Christian and that he feared retribution by the Khmer Rouge, under whose regime his father, siblings, and possibly his mother, died.[1] The IJ recognized that petitioner's feelings regarding the Khmer Rouge were understandable given that he had lost most of his family to the atrocities of the Khmer Rouge during their violent rule in

---

[1]The IJ initially declined to permit Ngo to file an application for CAT protection based on his conclusion that Ngo was unlikely to be able to meet the high burden. In an opinion dated January 22, 2009, the BIA vacated the IJ's decision in part, holding that the IJ should not have precluded Ngo's application for CAT relief on that basis, and remanded for further proceedings.

Cambodia and that these incidents formed the basis for petitioner's refugee status in the U.S. However, the IJ noted that the Khmer Rouge is no longer in power and has not been for many years. Accordingly, the IJ concluded that petitioner failed to demonstrate a likelihood of torture upon his return to Cambodia. The BIA agreed with this analysis and dismissed his appeal. Ngo timely filed a petition for review.

In his petition for review, Ngo claims, among other things, that he was the victim of false arrest, false imprisonment and malicious prosecution, that various government entities, including the IJ, the Department of Homeland Security and the Attorney General, interfered with his access to administrative remedies, and that various of his constitutional and statutory rights have been violated by his arrest and imprisonment and by the order of removal entered against him. Ngo does not provide a factual basis for these claims. In the context of a petition for review, this Court has jurisdiction to review only the proceedings before the BIA leading up to the entry of a final order of removal. See 8 U.S.C. § 1252. In the instant proceedings, we do not have jurisdiction over Ngo's claims to the extent they relate to his criminal conviction or confinement in federal prison. Accordingly, we will dismiss these claims for lack of jurisdiction.[2] Ngo remains free to pursue whatever relief may be available to him under 28 U.S.C. §§ 2241 & 2255 and/or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388

---

[2]Alternatively, we agree with the Attorney General that these claims have not been properly exhausted. See 8 U.S.C. § 1252(d)(1).

3

(1971), in the proper venue.

To the extent Ngo's petition for review can be read to challenge the BIA's final order of removal, we agree that his asylum and withholding of removal applications were properly precluded by his conviction of an aggravated felony. See 8 U.S.C. §§ 1158(b)(2)(A)(ii) & (B)(i) & 8 U.S.C. §§ 1231(b)(3)(A) & (B); see also 8 U.S.C. § 1101(a)(43)(B) (designating illicit trafficking in a controlled substance as an "aggravated felony"). We also agree that Ngo failed to demonstrate an entitlement to relief under the CAT. To make out such a claim, the petitioner bears the burden of demonstrating that it is more likely than not that he would be tortured if removed to his country of origin. See 8 C.F.R. § 1208.16(c)(2); see also Gomez-Zuluaga v. Attorney Gen., 527 F.3d 330, 349 (3d Cir. 2008). For the purposes of the CAT, torture is defined as the intentional infliction of severe pain or suffering by or with the consent or acquiescence of a public official or someone acting in an official capacity. See 8 C.F.R. § 1208.18(a)(1); see also Rranci v. Attorney Gen., 540 F.3d 165, 176 (3d Cir. 2008). Ngo testified that he feared returning to Cambodia because he has not been there since he was five years old, he has converted to Christianity and fears he will not be well-received by the Buddhist majority, and it would be extremely difficult for him, mentally and emotionally, to return to a country where so many atrocities befell his immediate family. While the IJ conceded that Ngo would likely have a very hard time returning to Cambodia, he nonetheless concluded that Ngo had not demonstrated a likelihood of

4

torture upon his return.  We agree with the analysis of the IJ and the BIA.

Based on the foregoing, we will dismiss in part and deny in part the petition for review.